IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENESIS HILL,

    Petitioner,

    v.                                          Case No. 1:98-cv-452
                                                JUDGE EDMUND A. SARGUS, JR.
BETTY MITCHELL, Warden,             Magistrate Judge Terence P. Kemp

    Respondent.

**OPINION AND ORDER**

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon Petitioner's motion to continue the stay of the Court's October 25, 2006, scheduling order or, in the alternative, for an extension of time to file a traverse. (Doc. # 169.)

On September 30, 2008, this Court issued an *Opinion and Order* denying Petitioner's motion for an evidentiary hearing on grounds twelve, seventeen, eighteen, and nineteen, and deferring consideration of Petitioner's motion for an evidentiary hearing on ground one, pending the outcome of the Sixth Circuit's *en banc* hearing in *Garner v. Mitchell*, 502 F.3d 394 (6th Cir. 2007), *Rehearing en Banc Granted, Opinion Vacated* (Jan. 03, 2008). (Doc. # 167.) The Court also stayed its October 25, 2006, scheduling order (Doc. # 153), which called for Petitioner to file his traverse within thirty (30) days of an order by the Court denying his motion for an evidentiary hearing. Finally, the Court ordered that within thirty (30) days of the decision that the Sixth Circuit issued following its *en banc* hearing in *Garner*, Petitioner should file any motion for reconsideration of this Court's order denying his request to conduct discovery on his first ground for relief, Respondent should file any memorandum in opposition within thirty (30)

days of the date that Petitioner files a motion for reconsideration, and Petitioner should file any reply within fifteen (15) days of the date that Respondent files a memorandum in opposition.

In *Garner*, the Sixth Circuit had held that the petitioner's waiver of his *Miranda* rights was not knowing and intelligent in view of an expert's essentially unrebutted conclusion that the petitioner had lacked a full comprehension of the warnings or consequences of waiver. *Garner*, 502 F.3d 394 (6th Cir. 2007). Subsequently, as noted above, the Sixth Circuit vacated its *Garner* decision, pending an *en banc* hearing. *Garner*, 502 F.3d 394 (6th Cir. 2007), *Rehearing en Banc Granted, Opinion Vacated* (Jan. 03, 2008). In its September 30, 2008, *Opinion and Order* deferring consideration of whether Petitioner might be entitled to discovery and/or an evidentiary hearing on his first ground for relief, this Court stated:

> If *Garner* remains the law, then the Court would stand by its decision denying petitioner's request to conduct discovery and would further conclude that an evidentiary hearing is not necessary on this claim because the information to which Drs. Gelbort and Smith would presumably testify is already sufficiently set forth in their affidavits.
>
> If *Garner* does not remain the law, however, this Court would want to revisit its decision denying petitioner's request to conduct discovery because evidence of and concerning the observations, beliefs, and possible biases of the officers who obtained Petitioner Hill's putative consent to search and waiver of *Miranda* rights might very well assist petitioner in proving that because of his mental condition, he was not able to make a knowing, intelligent, and voluntary waiver of his constitutional rights. Concomitantly, this Court would want to consider any additional evidence that petitioner might gather or develop in determining whether an evidentiary hearing is necessary on petitioner's claim.

(Doc. # 167, at 32.) As Petitioner points out, on March 3, 2009, the Sixth Circuit issued its *en banc* decision affirming the district court's original decision and concluding that Garner's waiver of his *Miranda* rights had been knowing and intelligent. (Doc. # 169, at 1 (citing *Garner v. Mitchell*, No. 02-3552, 2009 U.S. App. LEXIS 4124 (6th Cir. March 3, 2009)).)

2

Petitioner now asks the Court to continue its stay of its October 25, 2006, scheduling order "so as to allow time for the United States Supreme Court to determine if the Sixth Circuit's 'entirely new rule' regarding *Miranda* waivers will survive Constitutional scrutiny." (Doc. # 169, at 3.) In the alternative, Petitioner asks the Court for a 60-day extension of time in which to file his traverse, indicating that it was unclear to Petitioner "whether the 30-day clock has already started to run on the deadline for Petitioner to file his Traverse, or whether the Court will put on a separate entry reflecting the decision in *Garner*, denying Petitioner's motion for an evidentiary hearing in its entirety, and thereby triggering the 30-day period for the filing of Petitioner's Traverse." (Doc. # 169, at 3.) Petitioner states that although Respondent does not join Petitioner's motion to continue the stay of the Court's October 25, 2006, scheduling order, Respondent does not oppose Petitioner's alternative request for a 60-day extension to file his traverse. (*Id*. at 3.)

Respondent filed a response on March 19, 2009, confirming that although Respondent does not oppose Petitioner's request for an extension of time to complete the traverse, Respondent does oppose any further delay in ruling on the discovery and evidentiary hearing issues. (Doc. # 172, at 1.) Respondent argues that Petitioner is not entitled to any further factual development on his first ground for relief because the record is complete and because Petitioner has not demonstrated that additional factual development is necessary for review of his claim. Respondent also argues that there is no reason to believe that the Sixth Circuit's *en banc Garner* decision is incorrect sufficient to justify further delay pending an appeal to the United States Supreme Court.

In a reply filed on March 30, 2009, Petitioner takes issues with certain contentions by

Respondent in support of Respondent's argument that no additional factual development is permitted or warranted. Specifically, Petitioner insists that, contrary to Respondent's arguments, disputes do exist in the record concerning whether Petitioner understood or possessed the capacity to understand the rights that he was waiving when he consented to a search of his residence and signed a *Miranda* waiver.

Although Respondent objects, for good cause shown and out of an abundance of caution, the Court **GRANTS** Petitioner's motion to continue the stay of the October 25, 2006, scheduling order pending the outcome of any appeal to the United States Supreme Court from the Sixth Circuit's *en banc Garner* decision. Contrary to Respondent's argument, the Court sees nothing in the record to indicate one way or the other whether *Garner* is incorrect sufficient to justify a delay pending appeal to the United States Supreme Court. That being so and because the issue of whether Petitioner Hill's consent to search and waiver of his *Miranda* rights were constitutionally valid, this Court is of the view that it is prudent to await the outcome of any appeal to United States Supreme Court from the Sixth Circuit's *en banc Garner* decision.

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to continue the stay of the October 25, 2006, scheduling order (Doc. # 169). To be clear, an order by the United States Supreme Court denying any appeal from the Sixth Circuit's *en banc Garner* decision or the expiration of the time for filing a *certiorari* will automatically lift the stay of the October 25, 2006, scheduling order and trigger the 30-day period for Petitioner to file his traverse.

However, in the event that the United States Supreme Court grants *certiorari* in the *Garner* case, the stay will remain in place until the United States Supreme Court issues a final decision. The Court **ORDERS** that within thirty (30) days of that decision by the United States

4

Supreme Court, Petitioner **SHALL FILE** any motion for reconsideration of this Court's order denying his request to conduct discovery on his first ground for relief **OR** his traverse. If Petitioner files a motion for reconsideration, then Respondent **SHALL FILE** any memorandum in opposition within thirty (30) days of the date that petitioner files a motion for reconsideration and Petitioner **SHALL FILE** any reply within fifteen (15) days of the date that respondent files a memorandum in opposition. If Petitioner files his traverse, then in accordance with the October 25, 2006, scheduling order, Respondent shall have thirty (30) days to file a reply and Petitioner shall have fifteen (15) days to file a sur-reply.

    **IT IS SO ORDERED.**

    **/s/ Terence P. Kemp**
    **United States Magistrate Judge**