IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENESIS HILL,**

    **Petitioner,**

v.

**BETTY MITCHELL, Warden,**

    **Respondent.**

Case No. 1:98-cv-452
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Terence P. Kemp**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Petitioner's motion to appoint habeas counsel to represent Petitioner in state-court *Atkins* litigation (Doc. # 178), Respondent's response in opposition (Doc. # 179), and Petitioner's reply in support (Doc. # 180).

The Court stayed Petitioner's habeas corpus proceedings pending the outcome of any appeal to the United States Supreme Court from the Sixth Circuit's *en banc* decision in *Garner v. Mitchell*, 557 F.3d 257 (6th Cir. 2009). The docket reflects that Petitioner is represented presently by Federal Public Defenders Steven Nolder, Carol Wright, Justin Thompson, and Melissa Callais, as well as James Hadden, David Bloomfield, J. Kenneth Thien, and Lawrence Bradfield Hughes of Porter, Wright, Morris & Arthur. (Doc. # 176.)

In a motion filed on August 7, 2009, Petitioner asks this Court to appoint his federal habeas counsel to represent Petitioner in state-court *Atkins* litigation–the procedure in Ohio for pursuing a claim that the death-sentenced individual is mentally retarded and therefore ineligible

for the death penalty.[1] Stating that he intends to return to the state courts to file a successor *Atkins* petition, Petitioner argues that continuity of a trusted attorney-client relationship militates in favor of appointment of his current habeas counsel to litigate Petitioner's state-court *Atkins* petition.[2] Petitioner argues that the appointment also would reduce the time invested and is authorized by 18 U.S.C. § 3599(e) and *Harbison v. Bell*, 129 S.Ct. 1481 (2009). Petitioner maintains that the state-court *Atkins* litigation and his assertion that he is mentally retarded are intricately related to his claims that he was unable to make a knowing, intelligent, and voluntary waiver of is *Miranda* rights.

Petitioner devotes much of his motion to the argument that the Supreme Court's recent *Harbison v. Bell* decision authorizes this Court to appoint Petitioner's federal habeas counsel to litigate Petitioner's *Atkins* claim in the state courts. (Doc. # 178, at 6-8.) In *Harbison*, the Supreme Court held that 18 U.S.C. § 3599(e) authorizes federally appointed counsel to represent clients in state clemency proceedings. *Harbison*, 129 S.Ct. at 1485. The Supreme Court, according to Petitioner, reasoned from a straightforward reading of § 3599(e) that any limitation imposed on federally appointed counsel to represent a state defendant sentenced to death in other available proceedings is not in the scope of representation, but flows from the word "subsequent" in the statute. Petitioner argues that "[i]t is the term 'subsequent' that circumscribes counsel's representation, 'not a strict division between federal and state proceedings.' " (Doc. # 178, at 7

---

[1] *Atkins v. Virginia*, 536 U.S. 304 (2002).

[2] Although Petitioner characterizes the *Atkins* petition that he intends to file as a successor *Atkins* petition, this Court can find no evidence in the record that Petitioner ever filed an *Atkins* petition in the state courts and presumes that Petitioner used the word "successor" because any *Atkins* petition that he files will constitute Petitioner's third postconviction action.

2

(quoting *Harbison*, 129 S.Ct. at 1488).) Seizing upon language set forth in a footnote referencing a district court's ability to determine on a case-by-case basis whether it is appropriate for federal habeas counsel to return to state courts to exhaust a claim for federal habeas corpus purposes, Petitioner argues that "[i]t follows that *Harbison* authorizes this Court to appoint [Petitioner]'s federal counsel to litigate his *Atkins* claim in state court." (Doc. # 178, at 7 (citing *Harbison*, 129 S.Ct. at 1489 n.7).)

Respondent opposes Petitioner's motion. (Doc. # 179.) Respondent argues first that *this Court* does not have the authority to appoint counsel in a *state court* proceeding, notwithstanding what 18 U.S.C. § 3599(e) and *Harbison v. Bell* provide for in the way of continuity of federally appointed counsel. In a related argument, Respondent asserts an *Atkins* proceeding is not a proceeding "subsequent" to the conclusion of federal habeas corpus proceedings, as apparently contemplated by § 3599(e) and *Harbison*. Respondent also points out that § 3599(e) was designed to provide counsel for an indigent death-sentenced defendant who could not otherwise obtain counsel and that such is not the case in the instant situation because O.R.C. § 2953.21(I) provides for the appointment of counsel for an *Atkins* hearing. Respondent argues in the alternative that the reason that Petitioner is not entitled to the appointment of federal habeas counsel to pursue his *Atkins* litigation is because that litigation is not available to Petitioner. Respondent explains that the pursuit of *Atkins* claims in Ohio is governed by *State v. Lott*, 97 Ohio St. 3d 303 (2002), and that according to *Lott*, Petitioner had 180 days from the date of the *Lott* decision to file his *Atkins* claim. To the extent that *Lott* sets forth exceptions for filing outside the 180-day limitation period, Respondent maintains that Petitioner cannot meet any of the exceptions.

3

Petitioner raises several arguments in his reply urging the Court to reject Respondent's arguments against Petitioner's request for counsel. (Doc. # 180.) First, Petitioner argues that Respondent has no standing to oppose Petitioner's motion for the appointment of counsel because Respondent-Warden has suggested neither any type of injury that she will inure as a result of federally appointed counsel representing Petitioner in an *Atkins* petition nor an interest that entitles her to object. To that point, Petitioner asks the Court to strike Respondent's response in opposition. (Doc. # 180, at 3.)

Petitioner goes on to reiterate arguments in support of his position that the Supreme Court's *Harbison* decision authorizes the appointment of his habeas counsel to represent him as his state-court *Atkins* counsel. Regarding Respondent's argument that *Harbison* held that 18 U.S.C. § 3599(e) cannot be used to fund counsel in state postconviction proceedings, Petitioner insists that *Harbison* merely states that § 3599(e) does not *require* federally funded counsel for state postconviction proceedings, not that § 3599(e) may not on a case-by-case basis as determined by the district court authorize federally funded counsel for state postconviction proceedings. Petitioner also argues that the language in § 3599(e) and *Harbison* limiting the scope of federal counsel to "subsequent" proceedings refers not to proceedings that become available subsequent to the conclusion of the federal habeas corpus action but to proceedings that become available subsequent to counsel's appointment. (Doc. # 180, at 5.) Petitioner argues that it is logical to appoint his federal habeas counsel for the *Atkins* litigation because his habeas counsel are the most familiar with his case and the evidence that he is mentally retarded and are also well-versed and experienced in *Atkins* litigation. Petitioner also argues that appointment is appropriate because of the relationship that counsel have developed with Petitioner and his

4

family and because it would best serve judicial resources given the overlapping issues presented by the *Atkins* litigation and the habeas litigation before this Court.

Finally, Petitioner disputes Respondent's argument that an expired statute of limitations renders an *Atkins* remedy unavailable to Petitioner. Petitioner asserts that "[n]othing in *Atkins* or *Lott* mandates a time specific filing deadline, that if not met, permits the execution of a mentally retarded defendant." (Doc. # 180, at 8.)

The issue before the Court is whether 18 U.S.C. § 3599(e) authorizes the appointment of Petitioner's federal habeas counsel to represent Petitioner in a state-court *Atkins* action. Section 3599(a)(2) provides for the appointment of counsel for indigent defendants sentenced to death in order to pursue habeas corpus relief pursuant to 28 U.S.C. § 2254. Section 3599(e) goes on to provide:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

In *Harbison v. Bell*, the Supreme Court held that "§ 3599(e) authorizes federally appointed counsel represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Harbison*, 129 S.Ct. at 1491. The Supreme Court explained that "[u]nder a straightforward reading of the statute, subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed

5

counsel's duties." *Harbison*, 129 S.Ct. at 1486. Agreeing with the Government that appointed counsel is not expected to provide each of the services enumerated in subsection (e), the Supreme Court explained, however, that "that limitation does not follow from the word 'available'; it follows from the word 'subsequent' and the organization of subsection (e) to mirror the ordinary course of proceedings for capital defendants." *Harbison*, 129 S.Ct. at 1488. The Supreme Court then made clear that "counsel's representation includes only those judicial proceedings transpiring 'subsequent' to her appointment."

Another factor limiting the circumstances under which § 3599(e) authorizes federally appointed counsel to represent a petitioner in state-court proceedings, according to the Supreme Court, is the otherwise unavailability of counsel. In laying out the factual and procedural history, the Supreme Court specifically noted that Tennessee state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency. *Harbison*, 129 S.Ct. at 1484. Subsequently in its decision, the Supreme Court stated more forcefully that "subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation." *Id.* at 1488.

Rejecting the Government's argument that the Supreme Court's reading of § 3599(e) would require federally funded counsel to represent her client in any state habeas proceeding occurring after her appointment, the Supreme Court explained that state habeas is not typically a stage that will occur subsequent to federal habeas corpus. In explaining the order of proceedings contemplated by the statute and the fact that subsection (e) authorizes federal counsel to represent her client in stages of available judicial proceedings that are subsequent to federal habeas corpus, the Supreme Court did not foreclose the possibility that "a district court may determine on a case-

6

by-case basis that it is appropriate for federal counsel to exhaust a claim in the course of her representation. *Id.* at 1489 n.7.

Petitioner seeks the appointment of his federal habeas counsel to represent him in a state-court *Atkins* proceeding. In *Atkins v. Virginia*, 536 U.S. 304, 321 (2002), the Supreme Court held that the Eighth Amendment forbids the execution of mentally retarded offenders. In so holding, however, the Supreme Court left it to the states to fashion procedures for enforcing the constitutional restrictions on executing mentally retarded offenders. *Id.* at 317.

Six months later, in *State v. Lott*, 97 Ohio St. 3d 303 (2002), the Ohio Supreme Court announced the procedure for presenting an *Atkins* claim in Ohio. As summarized by the United States Supreme Court recently in *Bobby v. Bies*:

> At an *Atkins* hearing, the Ohio Supreme Court held, a defendant must prove: "(1) significantly subaverage intellectual functioning, (2) significant limitations in two or more adaptive skills, such as communication, self-care, and self-direction, and (3) onset before the age of 18."

*Bies*, 129 S.Ct. 2145, 2150 (2009) (quoting *Lott*, 97 Ohio St. 3d at 305.) *Lott* went on to explain that Ohio's postconviction framework, O.R.C. § 2953.21 et seq. provided a suitable remedy for raising an *Atkins* claim. *Lott* also announced that:

> For all other defendants who have been sentenced to death, any petition for postconviction relief specifically raising an *Atkins* claim must be filed within 180 days from the date of the judgment in this case. Petitions filed more than 180 days after this decision must meet the statutory standards for untimely and successive petitions for postconviction relief.

*Lott*, 97 Ohio st. 3d at 307.

Returning to the issue at hand, this Court concludes for the following reasons that Petitioner is not entitled to the appointment of federal habeas corpus counsel to represent him in

7

any state-court *Atkins* proceeding. Assuming that the United States Supreme Court's decision in *Harbison v. Bell* authorizes the expansion of federal habeas counsel's representation of Petitioner to include a state-court *Atkins* action during the pendency of Petitioner's habeas corpus proceedings, this Court is of the view that because Petitioner has a state right to counsel in any *Atkins* proceeding that he undertakes, *Harbison* does not contemplate the expansion of federal habeas counsel's representation of Petitioner for an *Atkins* hearing.

Turning first to Petitioner's argument that Respondent lacks standing to oppose his motion for appointment of counsel, Petitioner's arguments are not well taken. Initially, this Court would be required to determine whether Petitioner was entitled to the appointment of federal habeas counsel to represent him in any state-court *Atkins* action regardless of whether Respondent took a position on the matter and, to that point, many of the arguments that Respondent raised in her memorandum in opposition are arguments this Court would be required to consider in the absence of a memorandum in opposition. Petitioner has not cited, and the Court is not aware of, any authority definitively holding that Respondent-Warden does not have standing to oppose Petitioner's motion for appointment of counsel. Accordingly, to the extent that Petitioner moves this Court to strike Respondent's memorandum in opposition, the Court denies Petitioner's motion.

This Court cannot utilize § 3599(e) to authorize federal habeas counsel to represent Petitioner in any state-court *Atkins* proceeding because state law already provides for the appointment of counsel for an *Atkins* hearing. Section 3599 limits those eligible for the appointment of federally funded counsel to death-sentenced defendants who are or become financially unable to obtain adequate representation. As this Court noted earlier, in laying out the

8

factual and procedural history, the Supreme Court in *Harbison* specifically noted that Tennessee state law did not authorize the appointment of state public defenders for the purpose of pursuing state clemency. *Harbison*, 129 S.Ct. at 1484. Subsequently in its decision, the Supreme Court stated more forcefully that "subsection (a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation." *Id.* at 1488.

In the instant case, Ohio law clearly provides for the appointment of counsel qualified pursuant to state law for an *Atkins* hearing. By way of reminder, the Ohio Supreme Court in *Lott* announced that Ohio's postconviction statute was the appropriate procedure to use for pursuing an *Atkins* claim. Ohio's postconviction statute expressly entitles indigent capital defendants to the appointment of counsel. O.R.C. § 2953.21(I)(1) provides in relevant part: "If a person sentenced to death intends to file a petition under this section, the court shall appoint counsel to represent the person upon a finding that the person is indigent...." Subsection (I)(2) goes on to provide in relevant part that, "[t]he court shall appoint as counsel under division (I)(1) of this section only an attorney who is certified under Rule 20 of the Rules of Superintendence for the Courts of Ohio to represent indigent defendants charged with or convicted of an offense for which the death penalty can be or has been imposed." O.R.C. § 2953.21(I)(2). Several Ohio courts have held that indigent death-sentenced defendants are entitled to two Rule 20 certified attorneys for the pursuit of an *Atkins* claim in postconviction. *See State v. Lorraine* No. 2003-T-0159, 2005 WL 1208119, at *6-7 (Ohio App. 11 Dist. May 20, 2005); *State v. Burke*, No. 04AP-1234, 2005 WL 3557641, at *11-12 (Ohio App. 10 Dist. Dec. 30, 2005).

If Petitioner Hill wishes to pursue an *Atkins* claim in the state courts, state law entitles him to the appointment of qualified counsel for that purpose. That being so, neither § 3599(e)

9

nor the United States Supreme Court's *Harbison* decision authorizes this Court to extend federal funds to pay for that representation. One of the reasons that Petitioner advances in support of appointing his federal counsel is that he has a trusted relationship with current habeas counsel and that counsel's familiarity with Petitioner's case will reduce the amount of time and resources that counsel will need to expend to represent him in an *Atkins* hearing. Petitioner alleges that at least one of his current habeas attorneys is familiar with Ohio standards implementing *Atkins* and has litigated two *Atkins* cases in the Ohio courts. (Doc. # 180, at 6.) This Court sees no reason why that attorney, lead counsel Carol Wright, may not seek appointment in the state trial court pursuant to O.R.C. § 2953.21(I) to represent Petitioner in any *Atkins* case that he initiates. Because the Court concludes that § 3599(e) does not authorize the appointment of federal counsel under these circumstances, the Court need not address the parties' various arguments concerning whether or to what extent Petitioner is entitled to the appointment of federal counsel to represent him in a state-court *Atkins* hearing.

For the foregoing reasons, Petitioner's motion to appoint habeas counsel to represent him in state-court *Atkins* litigation (Doc. # 178) is **DENIED**.

**IT IS SO ORDERED.**

9-4-2009

**EDMUND A. SARGUS, JR.**
**United States District Judge**