IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENESIS HILL,

    Petitioner,

v.

BETTY MITCHELL, Warden,

    Respondent.

Case No. 1:98-cv-452
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. §2254. This matter is before the Court upon Petitioner's motion for stay and abeyance of this federal habeas corpus proceeding during the pendency of his state court *Atkins* petition (Doc. # 186), Respondent's response in opposition (Doc. # 187), and Petitioner's reply (Doc. # 188).

On April 6, 2009, this Court issued an *Opinion and Order* holding that if the United States Supreme Court denied an appeal from the Sixth Circuit's *en banc* decision in *Garner v. Mitchell*, 557 F.3d 257 (6th Cir. 2009), the stay of proceedings issued by this Court would automatically be lifted and Petitioner's traverse would be due within thirty days. Petitioner filed a notice indicating that the United States Supreme Court had denied an appeal in *Garner* on October 5, 2009, making Petitioner's traverse due on November 4, 2009. On October 21, 2009, this Court issued an order granting Petitioner's unopposed request for an extension of time to January 4, 2010, to file his Traverse.

Petitioner filed the instant motion for stay and abeyance of his habeas corpus proceedings pending the conclusion of *Atkins* proceedings that, according to the motion, Petitioner initiated in

the state trial court on October 21, 2009. (Doc. # 186, at 1.) "By this request," Petitioner explains, he "seeks to fully exhaust his claim that he is in fact mentally retarded and ineligible for the death penalty pursuant to *Atkins v. Virginia*, 536 U.S. 304 (2002)." (*Id.*) Petitioner points out that following this Court's appointment on June 1, 2009 of the Federal Public Defender to represent him, new counsel determined that there existed significant evidence that Petitioner is mentally retarded. (*Id.* at 3.) Having also determined that the issue of Petitioner's mental retardation has never been exhausted in the state courts, Petitioner's assistant federal public defenders enlisted attorneys to file an *Atkins* petition in the state trial court–the procedure in Ohio for litigating a claim that a defendant charged with or convicted of a capital crime is mentally retarded and constitutionally ineligible for the death penalty.

In *Atkins v. Virginia*, 536 U.S.304, the United States Supreme Court held that the Eighth Amendment prohibits imposition of the death penalty on any mentally retarded person. In *State v. Lott*, 97 Ohio St. 3d 303, 305-307 (2002), the Ohio Supreme Court established the procedural mechanism by which capital defendants may seek relief based on *Atkins*. Petitioner notes that *Lott* also established that definitions of mental retardation, cited with approval in *Atkins*, require (1) significantly subaverage intellectual functioning; (2) significant limitations on two or more adaptive skills, such as communcation, self care, self direction; and (3) onset before the age of 18. (Doc. # 186, at 4-5.)

Petitioner asks this Court to stay and hold in abeyance these habeas corpus proceedings, pending the conclusion of his *Atkins* litigation in the state courts. In support of his request, Petitioner asserts that he has never presented this claim to the state courts, that he has available to him a procedure by which to present the claim to the state courts, and that his claim is

2

meritorious. (*Id.* at 5-8.) Petitioner also asserts that there is precedent supporting his request, citing cases in which courts stayed and held in abeyance habeas corpus proceedings so that the inmate could pursue *Atkins* relief. (*Id.* at 8-9 (citing *Garner v. Mitchell*, 502 F.3d 394, 399 (6th Cir. 2007); *Waddy v. Coyle*, S.D. Ohio Case No. 3:98-cv-84; and *Murphy v. Ohio*, No. 3:96-CV-7244, 2006 WL 3057964, *1 (N.D. Ohio Sept. 29, 2006)).) Finally, Petitioner asserts that a stay is warranted and advisable not only because a successful *Atkins* petition in state court will result in vacation of Petitioner's death sentence and render moot Petitioner's penalty phase claims, but also because Petitioner's mental retardation bears directly on his claim that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. (Doc. # 186, at 9-10.)

Respondent opposes Petitioner's request for stay and abeyance. (Doc. # 187, at 1.) Respondent asserts first that any *Atkins* claim will be barred by procedural default because, under *Lott*, it is untimely and Petitioner cannot satisfy the exceptions set forth in O.R.C. § 2953.23 for allowing an untimely filing. Respondent notes that all of the cases upon which Petitioner relied in support for staying and holding in abeyance habeas corpus proceedings involved timely filed *Atkins* petitions and are accordingly distinguishable. Respondent also disputes any argument that previous counsel's failure to discover Petitioner's *Atkins* claim can excuse Petitioner's failure to timely exhaust his *Atkins* claim. Respondent goes on to reason that because Petitioner cannot exhaust his *Atkins* claim in the state courts, Petitioner has procedurally defaulted any such claim in federal habeas corpus. (Doc. # 187, at 4-5.) Alternatively, Respondent argues that even assuming Petitioner's *Atkins* claim is not procedurally defaulted, the Sixth Circuit's *Garner* decision does not support Petitioner's argument that *Atkins*-related evidence bears on Petitioner's claim that his *Miranda* waiver was not knowing, intelligent, and voluntary. (*Id.* at 5-6.)

3

Respondent concludes by asserting that "[t]his Court should not reward Hill's delay in factually developing his defaulted *Atkins* petition, by obstructing the resolution of his federal habeas petition that this Court has admitted is fully developed for resolution." (*Id.* at 6.)

In his reply, Petitioner disputes many of Respondent's arguments against staying this habeas corpus proceeding. Petitioner begins by offering multiple arguments in support of his position that his *Atkins* claim is not procedurally defaulted.[1] Petitioner argues that none of the four parts of the Sixth Circuit's *Maupin* test for determining procedural default are satisfied in this instance. First, Petitioner argues that there is no state procedural bar to his *Atkins* claim, asserting that "[n]othing in *Lott* mandates a time-specific filing deadline that, if not met, permits the execution of a mentally retarded defendant." (Doc. # 188, at 3.) Petitioner also asserts that, even assuming the existence of a deadline, he can meet two exceptions permitting untimely filing as set forth in O.R.C. § 2953.23–namely, the recognition by the United States Supreme Court of a new constitutional right and clear and convincing evidence that but for the newly recongized error, *i.e.*, Petitioner's mental retardation, no jury would (could) have found him eligible for the death penalty. Thus, Petitioner argues that he did not fail to comply with a state procedural rule.

Petitioner's second argument disputing procedural default is that because the state courts have not enforced a procedural bar against his *Atkins* petition, any procedural default argument would fail the second part of the *Maupin* test. Third, according to Petitioner, because Respondent has not cited any case where a petitioner's *Atkins* claim was dismissed as untimely,

---

[1] Petitioner prefaces his arguments disputing procedural default by assuming without conceding that an *Atkins* claim could ever be procedurally defaulted, in view of the "categorical bar to the execution of the mentally retarded" recognized by *Atkins*. (Doc. # 188, at 2 n.1.)

4

Respondent cannot show that the state procedural rule that she asserts, *i.e.* a 180-day statute of limitations is firmly established and regularly enforced sufficient to constitute an adequate and independent state ground for precluding habeas corpus relief under the third part of the *Maupin* test. Petitioner concludes his arguments disputing procedural default by insisting that federal habeas corpus proceedings often are stayed under circumstances even where it is uncertain whether the state courts might dismiss an unexhausted claim as untimely. (Doc. # 188, at 8.)

Beyond procedural default, Petitioner disputes Respondent's argument that *Atkins*-related evidence does not bear on Petitioner's claim that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights. Under the Sixth Circuit's *Garner v. Mitchell* decision, according to Petitioner, even if evidence of mental retardation does not definitively defeat the validity of a *Miranda* waiver, such evidence nonetheless is relevant and probative when determining whether a *Miranda* waiver was constitutionally valid. (Doc. # 188, at 9.) To this point, Petitioner disputes Respondent's assertion that there is no new compelling evidence of Petitioner's mental retardation sufficient to warrant holding his petition in abeyance. Asserting that Respondent's argument "ignores the ever-evolving science applicable to mental retardation as well as the fact that Hill has never been evaluated for mental retardation under the *Atkins* and *Lott* guidelines," Petitioner proceeds to lay out the evidence that, if re-developed and reexamined in the context of the latest body of knowledge concerning mental retardation assessments, constitutes "compelling evidence of [Petitioner]'s mental retardation." (*Id*, at 10, 11.)

District courts generally have the discretion to stay a habeas corpus proceeding. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 276 (2005). That said, the United States Supreme Court has cautioned that such discretion should be exercised sparingly, under limited circumstances, and

5

only for good cause. *Id.* at 277. In *Rhines v. Weber*, the Supreme Court held that a district court has discretion, under limited circumstances and for good cause shown, to stay and hold in abeyance a habeas corpus proceeding when the district court is faced with a mixed petition containing exhausted and unexhausted claims and the petitioner seeks to return to the state courts to exhaust the unexhausted claims. That of course is not precisely the situation before this Court, insofar as the claim that Petitioner is pursuing in the state courts–that he is mentally retarded and therefore ineligible for the death penalty under the Eighth and Fourteenth Amendments–is not among the claims that Petitioner raised in his petition. In other words, this Court is not faced with a mixed petition and *Rhines* is not directly on point.

For the following reasons, the Court concludes that stay and abeyance is neither necessary nor warranted in this case. The Court sees no reason why Petitioner's state-court *Atkins* proceeding and this habeas corpus proceeding cannot proceed concurrently. Petitioner's habeas counsel should not be unduly burdened if both actions proceed concurrently, because Petitioner is represented by different attorneys for his state-court *Atkins* action. Given the length of time that this case has been litigated in this Court and the fact that after twelve years of litigation, the case is nearly at issue, the Court is not of the view that it would be a wise use of its discretion to now stay the case indefinitely while Petitioner pursues a state-court remedy that history suggests will be a "long shot" for Petitioner. The Court is mindful of Petitioner's argument that his state-court *Atkins* claim and the evidence that he will develop concerning that claim may have some bearing on his habeas claims before this Court that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights and/or consent to a search of his residence. But any such nexus is not significant enough to justify staying this case indefinitely at this late date. Finally, if all that this

Court risks in not staying these proceedings is the possibility that the Court will expend time and resources addressing certain claims that might be rendered moot should Petitioner prevail on his *Atkins* litigation, the Court views that risk as acceptable and less burdensome than the risk of additional and unnecessary delay should the Court stay these proceedings indefinitely, Petitioner not prevail on his *Atkins* claim, and Petitioner develop only marginally helpful evidence concerning his claimed mental retardation.

Although the Court is not of the view that a stay is warranted at this time, the Court recognizes that certain events might require it to reconsider its decision. For instance, should the state courts deny Petitioner's *Atkins* claim and an execution date be set while the instant habeas corpus proceeding is still pending, or should Petitioner prevail on his *Atkins* claim and need to amend his petition accordingly, the Court would be willing to entertain a good faith motion for reconsideration.

For the foregoing reasons, Petitioner's motion for stay and abeyance (Doc. # 186) is **DENIED**.

1-28-2010
United States District Judge
EDMUND A. SARGUS, JR.