IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GENESIS HILL,**

    **Petitioner,**

    v.                                      Case No.  1:98-cv-452
                                                      JUDGE EDMUND A. SARGUS, JR.
**BETTY MITCHELL, Warden,**             Magistrate Judge Terence Kemp

    **Respondent.**

## OPINION AND ORDER

       Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter is before the Court upon Petitioner's motion for leave to file grand jury testimony under seal and unopposed motion to continue Petitioner's response to this Court's August 21, 2012 Order.  (ECF No. 235.)

       On August 21, 2012, this Court *sua sponte* issued an order giving Petitioner twenty-one (21) days to file any motion to expand the record with materials obtained as a result of recent court-ordered discovery.  (ECF No. 232.)  Petitioner states in the instant motion that he "has identified a document that is clearly relevant to the Court's consideration of the merits of Petitioner's claim for relief under *Brady v. Maryland*, 373 U.S. 83 (1963)."  (ECF No. 235, at 1.)  The problem, Petitioner explains, is that that document consists of grand jury testimony by the mother of the victim and the State's chief witness–Teresa Dudley.  "Because this is grand jury testimony from a state proceeding and there is a state rule that protects the secrecy of grand jury information," Petitioner continues, "counsel seeks guidance on whether this document should be filed under seal so as not to violate any state rule."  (*Id*. at 2.)  According to Petitioner, the testimony that Petitioner seeks to file does not include deliberations or the vote of any grand juror.  Petitioner also represents that it does not appear that any grand jury testimony in this case has previously been exposed.

       For the following reasons, Petitioner's motion for leave to file any grand jury testimony under seal is not well taken.  Initially, the Court notes that placing court pleadings under seal is

generally disfavored, in view of the long tradition of valuing public access to court proceedings. *See, e.g., Proctor & Gamble Co. v. Banker's Trust Company*, 78 F.3d 219, 227 (6th Cir. 1996). With that presumption of openness militating against Petitioner's motion, the Court further finds that there are no notable circumstances in the instant case that would justify placing any testimony submitted as part of a motion to expand the record under seal.  That the grand jury testimony was provided to Petitioner during habeas corpus discovery already suffices to pierce any veil of secrecy the transcript previous enjoyed.  Further, according to Petitioner's representation, the transcript excerpt that he seeks to add to the instant record does not involve the deliberative process, does not reveal a grand juror's vote, and does not expose the identity of any witnesses who testified before the grand jury (no doubt with the understanding that the fact of their testifying would not be revealed) but did not testify at trial.

The only reason advanced by Petitioner for seeking to file the grand jury testimony under seal is that his counsel fears that in not filing it under seal, counsel might be violating Ohio R. Crim. P. 6(E).  That rule forbids disclosure of deliberations of the grand jury and the vote of any grand juror and generally requires all other matters before the grand jury to be kept secret absent certain circumstances.  To the extent Petitioner's counsel is seeking an order from this Court protecting them against any liability for violating Ohio R. Crim. P. 6(E) that might ensue from their including the grand jury testimony in a motion to expand this record, they are asking for something that it is beyond the scope of this Court's authority to grant.  And any possible liability that Petitioner's counsel might incur for what would amount to a possible violation of Ohio R. Crim. P. 6(E) does not strike this Court as a sufficient reason to overcome the presumption of openness that placing documents under seal would flout.

In view of the fact that Petitioner's response to this Court's August 21, 2012 order is due on September 11, 2012, Petitioner seeks an extension of time to file that pleading until such time as the Court rules on his motion for leave to file under seal.  Petitioner states that Respondent does not object but does not waive her opportunity to file a responsive pleading to any motion to

expand the record that Petitioner files.

For the foregoing reasons, Petitioner's motion to leave to file grand jury testimony under seal is **DENIED**.  For good cause shown, because Respondent does not object, and because no undue delay will ensue, Petitioner's motion to continue the response invited by this Court's August 21, 2012 order is **GRANTED**.  Petitioner's response would have been due on September 11, 2012.  Petitioner shall have an additional week, until and including September 18, 2012, to respond to the Court's August 21, 2012 order.  Petitioner shall have thirty (30) days from the date Respondent files the supplemental return of writ to file a reply.  Respondent shall have twenty-one (21) days to file a responsive pleading.  Petitioner shall have fourteen (14) days to file a reply in support.

**IT IS SO ORDERED.**

/s/ **Terence P. Kemp**
**United States Magistrate Judge**