IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GENESIS HILL, | : | |
| Petitioner, | : | CASE NO. 1:98-cv-452 |
| v. | : | District Judge Sargus |
| BETTY MITCHELL, Warden | : | Magistrate Judge Vascura |
| Respondent. | : | *Death Penalty Case* |

## WARDEN'S MOTION FOR STAY PENDING APPEAL

The Warden moves the Court, pursuant to Fed. R. App. Proc. 8, Fed. R. App. Proc. 23, and Fed. R. Civ. Proc. 62, for a stay pending appeal of the Court's Order granting Genesis Hill a conditional writ of habeas corpus. Doc. 287, Opinion and Order, filed April 24, 2019 and Doc. 288, Judgment, filed April 24, 2019.  Counsel for Hill have been contacted relative to agreement or opposition and have stated "we can respond as needed in a filing per the rules."  A memorandum in support follows.

Respectfully submitted,
**DAVE YOST**
Attorney General

s/Stephen E. Maher
**Stephen E. Maher (0032279)**
**Assistant Attorney General**

1

Capital Crimes Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(6l4) 728-7055
Email:
stephen.maher@ohioattorneygeneral.gov
**CO-COUNSEL FOR RESPONDENT**

## MEMORANDUM IN SUPPORT

Respondent Warden respectfully moves the Court to issue a stay of the Order pending the resolution of available procedural remedies including appeal to the United States Court of Appeals for the Sixth Circuit. Given the previous decision of the Sixth Circuit, in context of the Court 's current Order, there should appear to be sufficient grounds for good faith disagreement such that the Conditional Writ be stayed pending the Warden's pursuit of available procedural remedies including appeal.

In *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), the Supreme Court established factors to determine whether a successful habeas petitioner should be released pending a respondent's appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Additionally, the "State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be

served is long, and weakest where there is little of the sentence remaining to be served." *Id*. at 777.

In this case, the *Hilton* factors, the Warden respectfully suggests, warrant a stay pending pursuit of available procedural remedies including appeal.

First, a not insignificant portion of the Court's Doc. 287 Opinion and Order is intertwined with the opinion in *Hill v. Mitchell*, 842 F. 3d 910 (6th Cir. 2016), where an opposite outcome was entered by the Sixth Circuit in respect to the same state court judgment that is the subject of the Doc. 287 Opinion and Order and the Doc. 288 judgment. Moreover, in the Warden's view, there continues to be a good faith basis to assert that the Court lacked jurisdiction to adjudicate the Hill's request for relief. Under these circumstances, it is respectfully submitted that a good faith controversy exists such that a stay is appropriate.

Second, as to the injury factors, there is no irreparable injury to petitioner Hill, in that the Court afforded the State an opportunity to retry the petitioner, who, given the nature of the charges would theoretically remain confined under substantial bond or even a no bond order.

Finally, it is respectfully suggested that given the good faith basis for disagreement, in context of the underlying state court charges being of substantial import, that a stay of the issuance of the writ pending pursuit of available procedural remedies including appeal serves the public interest.

3

Wherefore, the Warden respectfully requests that the Court grant a stay of issuance of the writ pending pursuit of available procedural remedies including appeal.

        Respectfully submitted,
        **DAVE YOST**
        Attorney General

        s/Stephen E. Maher
        **Stephen E. Maher (0032279)**
        **Assistant Attorney General**
        Capital Crimes Section
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        (6l4) 728-7055
        Email:
        stephen.maher@ohioattorneygeneral.gov
        **CO-COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Warden's Motion for Stay* has been forwarded via the court's electronic filing to counsel for petitioner this 1st day of May, 2019.

        s/Stephen E. Maher
        **Stephen E. Maher (0032279)**
        **Assistant Attorney General**