IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENESIS HILL,

Petitioner,

v.

BETTY MITCHELL, Warden,

Respondent.

Case No. 1:98-cv-452
Chief District Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Petitioner had pending before this Court a death penalty habeas corpus action pursuant to 28 U.S.C. § 2254. On April 24, 2019, this Court issued an Opinion and Order entering judgment denying Petitioner's claims and dismissing this Petition; denying Respondent's motion to transfer; granting Petitioner's motion for relief from judgment; and issuing a conditional writ of habeas corpus on Petitioner's *Brady* claim. (ECF No. 287.) Specifically, the Court issued a conditional writ of habeas corpus directing the State within one-hundred, eighty (180) days of the date of the Court's order to either release Petitioner or give him a new trial. This matter is now before this Court for consideration of Respondent's Motion for Stay Pending Appeal. (ECF No. 289.) For the reasons that follow, the Court is satisfied that its judgment should be stayed pending Respondent's appeal.

On March 29, 2013, this Court issued an Opinion and Order conditionally granting habeas corpus relief on Petitioner's *Brady* claim, stemming from the prosecution's failure to turn over an exculpatory police report. (ECF No. 240.) On December 1, 2016, however, the Court of Appeals for the Sixth Circuit issued a decision reversing this Court's grant of relief, with two of the three Judges determining that Petitioner's *Brady* claim was time-barred. *Hill v. Mitchell*, 842

F.3d 910 (6th Cir. 2016). Two of the three Judges found that Petitioner's *Brady* claim was meritorious. The Sixth Circuit's mandate issued on October 5, 2017 (ECF No. 276), and one day later, Petitioner filed the instant motion for relief from judgment. (ECF No. 273.) Petitioner argued that he had new evidence of actual innocence sufficient to equitably toll the statute of limitations that the Sixth Circuit had held barred consideration of Petitioner's *Brady* claim.

In determining whether to stay an order granting conditional habeas corpus relief pending the State's appeal of that judgment, a district court should consider and balance the following factors:

> (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Workman v. Tate*, 958 F.2d 164, 166 (6th Cir. 1992); *Thompson v. Warden, Belmont Correctional Institution*, No. 2:07-cv-051, 2008 WL 2468439, at *1 (S.D. Ohio Jun. 16, 2008).

Respondent contends that she has at least a substantial case on the merits on appeal because she has a significant basis in law and fact underlying her appeal. First, Respondent asserts that much of this Court's April 24, 2019 decision "is intertwined with the opinion in *Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016), where an opposite outcome was entered by the Sixth Circuit in respect to the same state court judgment that is the subject of the Doc. 287 Opinion and Order and the Doc. 288 judgment." (ECF No. 289, at PageID 8345.) Respondent contends

that there continues to be a good faith basis for arguing that this Court lacked jurisdiction to adjudicate Petitioner's request for habeas corpus relief on his *Brady* claim. (*Id.*) Second, Respondent asserts that a stay will not irreparably injure Petitioner, insofar as "the Court afforded the State an opportunity to retry the petitioner, who, given the nature of the charges would theoretically remain confined under substantial bond or even a no bond order." (*Id.*) Finally, Respondent asserts that since there is a good faith basis for disagreement with this Court's judgment and in view of the seriousness of the underlying state court judgment against Petitioner, a stay of this Court's judgment serves the public interest. (*Id.*) The Court agrees.

In view of the Sixth Circuit's 2016 decision reversing this Court's initial conditional grant of habeas relief, the Court is persuaded that Respondent has demonstrated, at the very least, a "substantial case on the merits." *Hilton*, 481 U.S. at 778. Although two of the three Judges concluded that Petitioner's *Brady* claim was meritorious, two Judges also concluded that Petitioner's claim was time-barred. This Court's decision finding that additional new evidence of actual innocence warranting equitable tolling of the statute of limitations on Petitioner's *Brady* claim is a decision with which reasonable appellate jurists could disagree. Respondent thus has at least a "substantial case on the merits." *Id.*

The Court further finds that Respondent will suffer some injury absent a stay. Respondent seeks to appeal this Court's decision finding that Petitioner demonstrated a meritorious *Brady* claim. If the Court does not stay its judgment, and the State of Ohio is forced to retry Petitioner, Respondent's appeal of this Court's judgment might be rendered moot. Further, absent a stay, the State of Ohio might be compelled to expend considerable time and resources preparing for a new trial that might not be necessary, were the Sixth Circuit to reverse

this Court's decision.

Concomitantly, issuance of a stay will not substantially injure Petitioner. Execution of a conditional writ of habeas corpus is unlikely to result in Petitioner's release, given the seriousness of the crimes for which he was convicted and sentenced to death. Nor would a stay unduly delay execution of the conditional writ, should this Court's decision be affirmed on appeal.

Finally, for all of the reasons discussed above, the Court concludes that the public interest lies in staying the Court's judgment pending exhaustion of appellate review. Given the seriousness of the underlying crimes, the public interest lies in pausing execution of this Court's judgment while the appellate process runs its course. This Court remains convinced that Petitioner is entitled to a new trial, but the Court is mindful of the substantial hardship and cost to the State of Ohio in preparing for a new trial. The Court must balance the interests of the state in avoiding that hardship and cost against the possibility that this Court's judgment could be reversed on appeal.

For the foregoing reasons, Respondent's Motion for Stay Pending Appeal (ECF No. 289) is **GRANTED**. If this Court's judgment is affirmed, the State must either release Petitioner or retry Petitioner within one-hundred, eighty (180) days from the date that the Sixth Circuit issues its mandate.

**IT IS SO ORDERED.**

5-14-2019
EDMUND A. SARGUS, JR.
Chief United States District Judge